STATE OF NORTH CAROLINA v. RICKY MANFORD CHERRY

No. 37

(Filed 3 November 1981)

ON the State's petition for discretionary review, pursuant to G.S. 7A-31, of the decision of the Court of Appeals, (*Judge Harry C. Martin*, with *Judges Clark* and *Arnold* concurring), reported at 51 N.C. App. 118, 275 S.E. 2d 266 (1981), ordering a new trial for defendant upon the judgment of conviction entered by *Brown, Judge*, at the 21 July 1980 Criminal Session of Superior Court, MARTIN County.

*Attorney General Rufus L. Edmisten, by Associate Attorney Lisa Shepherd, for the State.*

*Gaylord, Singleton & McNally, by L. W. Gaylord, Jr. and Vernon G. Snyder, III, and Gurganus & Bowen, by Edgar J. Gurganus, for the defendant.*

PER CURIAM.

Defendant was indicted for first degree murder. He was convicted of involuntary manslaughter. In brief, the evidence tended to show that, on 4 January 1980, defendant had been drinking intoxicants with David Edmondson during most of the day. Later that evening, defendant, with Edmondson and two other companions, drove to Bobby Wynne's trailer to get some "hash." A loaded rifle, with the hammer forward, was on the floor of the car beside defendant. Upon arrival at Wynne's residence, defendant parked the car parallel to the trailer. Edmondson got out and went inside. Later, defendant, who was still waiting in the car, said "I'll fix him," picked up the rifle and pointed it at the trailer. The gun discharged. The bullet passed through the wall of the trailer and killed Bobby Wynne.

The Court of Appeals held that the evidence authorized submission of the charge of involuntary manslaughter to the jury and that the trial court did not commit prejudicial error regarding its instructions upon this crime. Nevertheless, the Court of Appeals did find reversible error in the trial judge's instructions on accidental death or misadventure and granted defendant a new trial. We granted the State's petition for discretionary review upon this latter point on 5 May 1981.

In sum, the Court of Appeals held that the instructions improperly permitted the jury to negate the defense of accidental killing without first finding that defendant had been *criminally* or *culpably* negligent in the handling of a weapon. In so holding, the Court of Appeals relied on three decisions of this Court: *State v. Faust*, 254 N.C. 101, 118 S.E. 2d 769, *cert. denied*, 368 U.S. 851, 82 S.Ct. 85, 7 L.Ed. 2d 49 (1961); *State v. Kluckhohn*, 243 N.C. 306, 90 S.E. 2d 768 (1956); *State v. Early*, 232 N.C. 717, 62 S.E. 2d 84 (1950).

After a thorough and careful examination of the record and briefs, and the authorities cited therein, and giving due consideration to the oral arguments presented on this question, we conclude that the petition for further review was improvidently granted. The order granting discretionary review is hereby vacated. The decision of the Court of Appeals granting defendant a new trial, for error in the instructions on accidental killing, shall remain undisturbed and in full force and effect.

Discretionary review improvidently allowed.